FELDMAN & ASSOCIATES, PLLC
Edward S. Feldman (ESF 3397)
Stephanie R. Feldman (SRF 7402)
33 East 33rd Street, Suite 802
New York, New York 10016
Tel:  (212) 685-2277
Fax: (212) 725-2798
Email: srfeldman@feldmanandassociates.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

SHAWNLEE CONSTRUCTION, LLC,       :

            :    Case No.:  12-cv-3346 (ER)
        Plaintiff.          :
            :
            :
            :
     - against -         :    **VERIFIED ANSWER TO**
            :    **SECOND AMENDED**
            :    **VERIFIED COMPLAINT**
            :
J.K. SCANLAN COMPANY, INC. and ARCH   :
INSURANCE COMPANY,           :
            :
        Defendants.      :

-------------------------------------------------------------------x

Defendant J.K. SCANLAN COMPANY, INC. ("Defendant"), by its attorneys, Feldman & Associates, as and for its Answer to the Second Amended Verified Complaint ("Complaint") of SHAWNLEE CONSTRCUTION, LLC ("Plaintiff"), respectfully alleges as follows:

**AS TO THE NATURE OF THE ACTION**

1.     Denies the allegations set forth in paragraph 1 of the Complaint.

**AS TO THE PARTIES**

2.     Denies knowledge or information sufficient to for a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.     Admits the allegations set forth in paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

## AS TO JURISDICTION AND VENUE

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Denies the allegations set forth in paragraph 6 of the Complaint.

## AS TO FIRST COUNT
(Breach of Contract against Scanlan)

7.      Defendant repeats and realleges each and every allegation set forth in preceding paragraphs 1 through 6 above with the same force and effect as if fully set forth at length herein.

8.      Denies the allegations set froth in paragraph 8 of the Complaint, except admits that in or around December 2008, Defendant entered into an agreement with Vineyard Commons Holdings, LLC and respectfully refers the Court to said agreement between the parties for the full force and effect of the terms therein.

9.      Denies the allegations set forth in paragraph 9 of the Complaint, except admits that Defendant entered into an agreement with Plaintiff and respectfully refers the Court to said agreement between the parties for the full force and effect of the terms therein.

10.     Denies the allegations set forth in paragraph 10 of the Complaint.

11.     Denies the allegations set forth in paragraph 11 of the Complaint, except admits that Plaintiff submitted certain applications and invoices to Defendant.

12.     Admits the allegations set forth in paragraph 12 of the Complaint, only to the extent that Plaintiff made certain demands of Defendant.

13.     Denies the allegations set forth in paragraph 13 of the Complaint, and denies the allegations contained therein since they contain a legal conclusion and not statements of fact.

## AS TO SECOND COUNT
(Account Stated against Scanlan)

14.    Defendant repeats and realleges each and every allegation set forth in preceding paragraphs 1 through 13 above with the same force and effect as if fully set forth at length herein.

15.    Denies the allegations set forth in paragraph 15 of the Complaint.

16.    Denies the allegations set forth in paragraph 16 of the Complaint.

17.    Denies the allegations set forth in paragraph 17 of the Complaint.

18.    Denies the allegations set forth in paragraph 18 of the Complaint.

19.    Denies the allegations set forth in paragraph 19 of the Complaint, and denies the allegations contained therein since they contain legal conclusion and not statements of fact.

## AS TO THIRD COUNT
(Quantum Meruit against Scanlan)

20.    Defendant repeats and realleges each and every allegation set forth in preceding paragraphs 1 through 19 above with the same force and effect as if fully set forth at length herein.

21.    Denies the allegations set forth in paragraph 21 of the Complaint.

22.    Denies the allegations set forth in paragraph 22 of the Complaint.

23.    Denies the allegations set forth in paragraph 23 of the Complaint.

24.    Denies the allegations set forth in paragraph 24 of the Complaint, and denies the allegations contained therein since they contain legal conclusion and not statements of fact.

## AS TO FOURTH COUNT
(Payment under Surety Bond Against Scanlan and Arch)

25.     Defendant repeats and realleges each and every allegation set forth in preceding paragraphs 1 through 24 above with the same force and effect as if fully set forth at length herein.

26.     Denies the allegations set forth in paragraph 26 of the Complaint, except admits that Arch Insurance Company issued Bond No. SU1039918 and refers to said bond for its terms and conditions contained therein.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28.     Denies the allegations set forth in paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and denies the allegations contained therein since they contain a legal conclusion and not statements of fact.

33.     Denies the allegations set forth in paragraph 33 of the Complaint, and denies the allegations contained therein since they contain a legal conclusion and not statements of fact.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

34.     This Court lacks the requisite subject matter jurisdiction over the claims alleged in the Complaint.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

35.     This Court lacks the requisite subject matter jurisdiction over the claims alleged in the Complaint in that any and all disputes between and among Plaintiff and Defendant J.K. Scanlan Company, Inc. are governed by a dispute resolution and venue agreement, pursuant to which the decision to arbitrate such claims before the American Arbitration Association is at the sole discretion of J.K. Scanlan Company, Inc.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

36.     The Complaint is brought before an improper court in that any and all disputes between and among Plaintiff and Defendant J.K. Scanlan Company, Inc. are governed by a dispute resolution and venue agreement, pursuant to which any such disputes must be submitted for adjudication before a court located in Ulster County, New York, and no Federal District Court is located in Ulster County, New York; therefore this court lacks subject matter jurisdiction.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

37.     The Complaint is brought before an improper venue in that any and all disputes between and among Plaintiff and Defendant J.K. Scanlan Company, Inc. are governed by a dispute resolution and venue agreement, pursuant to which any such disputes must be submitted for adjudication before the superior or other trial court located in Ulster County, New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

38.     The Plaintiff is barred by the doctrine of unclean hands from asserting the causes of action contained in the Complaint.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

39.     The claims set forth in the Complaint are barred, in whole or in part, by the doctrine of waiver, estoppel, release and/or laches.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

40.     The claims set forth in the Complaint are barred, in whole or in part, by the doctrines of accord and/or satisfaction.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

41.     J.K. Scanlan Company, Inc. hereby adopts and incorporates any defenses, claims and/or credits that the subject bond's surety, Arch Insurance Company, has or may have against Plaintiff.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

42.     The Complaint as against J.K. Scanlan Company, Inc., or portions thereof, fails to state a claim upon which relief may be granted.

**WHEREFORE,** Defendant J.K. Scanlan Company, Inc. respectfully requests that the Court enter an order and judgment dismissing the Third Amended Verified Complaint against it, together with costs and disbursements, and for such other and further relief that the Court may deem just and proper.

Dated:   New York, New York
         January 27, 2014

    FELDMAN & ASSOCIATES, PLLC
*Attorneys for Defendant J.K. Scanlan Company, Inc.*

By:___*/s/ Stephanie R. Feldman*___
    Stephanie R. Feldman

33 East 33rd Street, Suite 802
New York, New York 10016
(212) 685-2277


TO:    SITARAS & ASSOCIATES, P.C.
       *Attorneys for Plaintiff Shawnleee Construction, LLC*
       33 Whitehall Street, 16th Floor
       New York, New York 10004
       Tel: (212) 430-6410

- 6 -

- 7 -

TORRE, LENTZ, GAMELL, GARY
& RITTMASTER, LLP
*Attorneys for Defendant Arch*
*Insurance Company*
100 Jericho Quadrangle, Suite 309
Jericho, New York 11753
Tel: (516) 240-8900

**VERIFICATION**

STATE OF NEW YORK          )
                                                ) ss.:
COUNTY OF NEW YORK      )


STEPHANIE R. FELDMAN, an attorney admitted to practice in and for the State of New York, hereby affirms, upon information and belief, the truth of the following:

1.    I am associated with the firm of Feldman & Associates, PLLC, attorneys of record for the defendant J.K. SCANLAN COMPANY, INC., in the within action.

2.    I have read the foregoing Answer to the Second Amended Verified Complaint, and know the contents thereof, and know that the contents are true to my own knowledge, except as to matters stated therein to be alleged on information and belief, and as to those matters I believe them to be true.

3.    The sources of my information and the grounds of my belief as to those matters alleged upon information and belief in the foregoing Answer to the Second Amended Verified Complaint are communications with said defendant's representatives and a review of documents and information provided by the defendant.

4.    This verification is made by me and not by the above-named defendant, because said defendant does not have an office and place of business in the State of New York.


Dated:   New York, New York
             January 27, 2014                                    _____/s/ Stephanie R. Feldman_____
                                                                              Stephanie R. Feldman